IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY VAN KUREN,                    )
                                      )
            Petitioner,               )
                                      )
            v.                        )     Civil Action No. 04-1E
                                      )     JUDGE SEAN McLAUGHLIN
UNITED STATES BUREAU OF PRISONS,      )     MAGISTRATE JUDGE LENIHAN
                                      )
            Respondent.               )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied as moot.

### II.   REPORT

This is a counseled petition filed pursuant to 28 U.S.C. §2241 by a federal prisoner who alleges that the United States Bureau of Prisons improperly denied him early release status based upon petitioner's completion of a 500 hour substance abuse program. The petition was filed on January 5, 2004, and was transferred to the undersigned on April 4, 2004. A response was filed on March 1, 2005 (Doc. No. 4). A review of the Bureau of Prisons website indicates that petitioner was released from custody on March 29, 2005, at the expiration of his sentence of confinement.

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-

78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n. 4 (3d Cir.2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir.2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. North Carolina v. Rice , 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

Here, petitioner's claim does not address his underlying conviction. Further, a search of the Bureau of Prison's website indicates that petitioner was released from custody on March 29, 2005. Petitioner's challenge was only to his entitlement to early

released under BOP regulations. Thus, he cannot allege any continuing collateral consequences. See Lane v. Williams, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; ··· [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ··· no live controversy remains"); Harris v. Williams, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. See Spencer, 523 U.S. at 7; Chong, 264 F.3d at 383-84. Therefore, the court will dismiss this petition as moot.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

- 3 -

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2006

cc:  The Honorable Sean J. McLaughlin
     United States District Judge

     Thomas J. Farrell, Esq.
     Thieman & Farrell
     Koppers Building, Suite 2312
     436 Seventh Avenue
     Pittsburgh, PA 15219

     Christy C. Wiegand, Esquire
     Assistant United States Attorney
     401 U.S. Post Office & Courthouse
     Pittsburgh, PA 15219

- 4 -